UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| AMGUARD INSURANCE COMPANY, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) |
| v. | ) |
| | ) |
| CAREXPRESSO, LLC; | ) Case No. 1:24-cv-1291 |
| OLNER MICHEL; | ) |
| LETITIA CARTER, as Special Administrator of | ) *Electronically Filed* |
| The Estate of KARL CARTER; | ) |
| ROEHL TRANSPORT, INC.; | ) |
| J.B. HUNT TRANSPORT, INC., | ) |
| | ) |
| DEFENDANTS. | ) |

**COMPLAINT FOR RESCISSION AND/OR DECLARATORY JUDGMENT AND RELATED RELIEF**

Plaintiff, AmGUARD Insurance Company ("AmGUARD"), by and through undersigned counsel and for its Complaint for Rescission and/or Declaratory Judgment and Related Relief states as follows:

**STATEMENT OF THE CASE**

1. This action seeks the rescission *ab initio* of an insurance policy issued to Defendant Carexpresso, LLC ("Carexpresso"), by AmGUARD bearing Policy No. K2GP423206 with an effective date of January 25, 2023, to January 25, 2024 (the "Policy") based on Carexpresso's material misrepresentations and/or omissions concerning its business operations in applying for insurance with AmGUARD. A copy of the Policy is attached hereto as **Exhibit 1**.

2. Alternatively, this action seeks a declaration, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, that AmGUARD owes no insurance coverage to Carexpresso or Olner Michel ("Olner") under the Policy with respect to, *inter alia*, the following litigation: (1)

Page **1** of **20**

*Letitia Carter, as Special Administrator of the Estate of Karl Carter v. Olner Michel, Carexpresso, LLC, JB Hunt Transport, Inc., and Alliance Trucking Inc.*, Cause No. 12C01-2306-CT-000468, which is pending in the State of Indiana, Clinton County Circuit Court (the "Carter Lawsuit"); and (2) *Roehl Transport, Inc. v. Olner Michel, Carexpresso, LLC, J.B. Hunt Transport, Inc. and Total Quality Logistics, LLC*, Case No. 1:23-cv-1111-MPB-MKK, which is pending in the United States District Court for the Southern District of Indiana, Indianapolis Division (the "Roehl Lawsuit"). The Roehl Lawsuit also includes a crossclaim by Defendant J.B. Hunt Transport, Inc. ("J.B. Hunt"), against Olner Michel, Carexpresso, and Total Quality Logistics, LLC (the "J.B. Hunt Crossclaim").

3. The Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim arise from a motor vehicle accident that occurred on or about April 19, 2023, in Clinton County, Indiana (the "Accident"), wherein a 2016 Freightliner Cascadia owned and operated by Defendant Olner (the "Accident Vehicle") hauling a trailer owned by J.B. Hunt collided with a 2022 Freightliner Cascadia semi-truck owned by Defendant Roehl Transport, Inc. ("Roehl") and operated by Karl Carter.

4. Carter died in the Accident and his estate seeks damages from, among others, Olner and Carexpresso for negligence, wrongful death, and loss of consortium in the Carter Lawsuit. A copy of the Amended Complaint filed in the Carter Lawsuit is attached hereto as **Exhibit 2**.

5. In the Roehl Lawsuit, Roehl seeks damages from Olner and Carexpresso for the loss of its tractor, cargo, damage, and workers' compensation benefits paid on behalf of Carter, who was Roehl's employee. A copy of the operative Complaint filed in the Roehl Lawsuit is attached hereto as **Exhibit 3**.

6. The J.B. Hunt Crossclaim alleges that Michel was not authorized to use, possess, or control the J.B. Hunt trailer and was instructed by Carexpresso or non-party Total Quality Logistics, LLC, to take possession of the J.B. Hunt trailer. J.B. Hunt alleges that this unauthorized control, possession, and use of the J.B. Hunt trailer continued up to and including the time of the Accident on April 19, 2023. J.B. Hunt alleges that Olner and Carexpresso committed intentional acts of theft and/or conversion of J.B. Hunt's property and, as a result, J.B. Hunt suffered property damage, loss of use, storage fees, recovery charges, and other monetary damages. A copy of the J.B. Hunt Crossclaim is attached hereto as **Exhibit 4**.

7. AmGUARD is currently providing a defense under reservation of rights to Carexpresso and has denied coverage to Olner with respect to the Carter Lawsuit, the Roehl Lawsuit, and the J.B. Hunt Crossclaim.

## THE PARTIES

8. Plaintiff AmGUARD is an insurance company formed under the laws of the Commonwealth of Pennsylvania with its principal place of business located in the Commonwealth of Pennsylvania. AmGUARD is, therefore, a citizen of Pennsylvania.

9. Defendant Carexpresso is a limited liability company organized and operating under the laws of the State of Illinois. Carexpresso, LLC, has one member, Fuad Mehdiyev. Mehdiyev is a citizen of the State of Illinois. Carexpresso, LLC, is, therefore, a citizen of Illinois.

10. Defendant Olner is a citizen of the State of South Carolina and is not a citizen of the State of Indiana.

11. The decedent, Karl Carter, was a resident and citizen of the State of Illinois. Defendant Letitia Carter, the special administrator of Karl Carter's estate, is a resident and citizen

of Illinois. AmGUARD seeks no relief from Carter, who has been joined herein as a Defendant as an interested party to be bound by any judgment rendered in this action.

12. Defendant Roehl Transport, Inc., is a foreign corporation organized and operating under the laws of the State of Wisconsin and with its principal place of business located in the State of Wisconsin. Roehl is, therefore, a citizen of Wisconsin. AmGUARD seeks no relief from Roehl, which has been joined herein as a Defendant as an interested party to be bound by any judgment rendered in this action.

13. Defendant J.B. Hunt Transport, Inc., is a foreign corporation organized and operating under the laws of the State of Georgia with its principal place of business located in the State of Arkansas. J.B. Hunt Transport, Inc., is, therefore, a citizen of Georgia and Arkansas. AmGUARD seeks no relief from J.B. Hunt, which has been joined herein as a Defendant as an interested party to be bound by any judgment rendered in this action.

## JURISDICTION AND VENUE

14. This Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00 exclusive of costs and interest and the parties are citizens of different states.

15. Venue is proper in this District pursuant to 28 U.S.C. § 1391 as the case concerns insurance for lawsuits which were filed and are pending either in this Court or within the geographical boundaries of this District and the Accident occurred within this District.

## FACTUAL ALLEGATIONS

A. THE APPLICATION AND CAREXPRESSO'S MISREPRESENTATIONS AND/OR OMISSIONS

16. Non-party KBK Insurance Group ("KBK") assists in underwiring commercial towing risks for AmGUARD. On or about January 16, 2023, Carexpresso, through its insurance

agent, submitted its signed "Towing Insurance Application" (the "Application"), a Vehicle Schedule, and a Driver List to KBK. Copies of the Application, Vehicle Schedule, and Driver List are attached as **Exhibits 5, 6, and 7**, respectively. The Vehicle Schedule identifies only one vehicle, a 2022 Ford F-450. The Accident Vehicle is not identified on the Vehicle Schedule. The Driver List identifies only one driver, Aliaksandr Talevich. Olner is not identified on the Driver List.

17. In the Application's "Operation" section, Carexpresso identified its "Operation" as "Towing," with one employee. Carexpresso did not fill in the "Operation" rows for "Trucking" or "Other." Carexpresso did not disclose that it was engaged in long-distance transportation or shipping.

18. Question 5 of the Application asks: "Is the Application involved in anything other than towing? (If yes, please complete the Operation Section.)" to which Carexpresso answered "No."

19. Question 6 of the Application asks: "Does the Applicant understand all new drivers must be submitted to the insurance company for approval prior to hiring?" to which Carexpresso answered "Yes."

20. Question 15(a) of the Application asks "How many times monthly does the Applicant go beyond 50 miles?" to which Carexpresso answered "0."

21. Question 17(a) asks "What is the total number of vehicles the Applicant owns?" to which Carexpresso answered "1."

22. Question 18(a) asks "Does the Applicant pick up or deliver customer's cars other than Towing?" to which Carexpresso answered "No."

23. Question 25(a) asks "Do employees regularly use their own vehicles on company business," to which Carexpresso answered "No."

24. Question 38 asks "Has the Applicant hauled anything other than vehicles within the past 3 years, (including incidental hauls)?" to which Carexpresso answered "No."

25. Carexpresso, by its authorized representative, signed the Application on January 25, 2023.

26. Carexpresso, by its authorized representative, signed the Driver List on January 25, 2023. The Driver List asks "Have you identified every possible driver of an insured vehicle including those who may fill in during peak periods and emergencies?" to which Carexpresso answered "Yes."

27. In signing, Carexpresso acknowledged that it understood and agreed "that on any proposed addition or substitution of driver, the MVR must be submitted to the insurance company for approval prior to hire."

28. In reasonable reliance upon the material information provided by Carexpresso, and in the belief the information supplied in the Application, Vehicle Schedule, and Driver List was accurate, AmGUARD issued the Policy.

29. Contrary to the representations in the Application, Carexpresso was engaged in operations other than towing. Specifically, Carexpresso was engaged in long-distance transportation and shipping as evidenced by the allegations contained in the Carter Lawsuit and the Roehl Lawsuit.

30. In the Application, Carexpresso misrepresented that its operations were solely limited to towing within a 50-mile service radius.

31. Carexpresso omitted from the Application information concerning its long-distance transportation and shipping operations.

32. Carexpresso omitted the Accident Vehicle from the Vehicle Schedule.

33. Carexpresso omitted Olner from the Driver List despite attesting that it had identified "every possible driver of an insured vehicle including those who may fill in during peak periods and emergencies" and acknowledging "that on any proposed addition or substitution of driver, the MVR must be submitted to the insurance company for approval prior to hire."

34. Carexpresso's omissions and misrepresentations in the Application were material to the issuance of the Policy and the risk assumed by AmGUARD.

**B.    THE POLICY**

35. Reasonably relying upon Carexpresso's representations in the Application, Vehicle Schedule, and Driver List, AmGUARD issued Policy No. K2GP423206 with an effective date of January 25, 2023, to January 25, 2024. The Policy's Declarations page lists the "Business Description" of Carexpresso's operations as "Towing."

36. The Policy consists of several coverages, including Business Auto Liability Coverage, which provides a $1,000,000 limit for each "accident" resulting from the use of a covered "auto" as follows:

**ITEM TWO**

**Schedule Of Coverages And Covered Autos**

This policy provides only those coverages where a charge is shown in the premium column below. Each of these coverages will apply only to those "autos" shown as covered "autos". **"Autos"** are shown as covered **"autos"** for a particular coverage by the entry of one or more of the symbols from the Covered Autos section of the Business Auto Coverage Form next to the name of the coverage.

| Coverages | Covered Autos | Limit | Premium |
|---|---|---|---|
| Covered Autos Liability | 7,8,9 | $1,000,000 | $5,856 |

. . . .

**ITEM THREE**
**Schedule Of Covered Autos You Own**

| Covered Auto Number: | 1 |
|---|---|

Town And State Where The Covered Auto Will Be Principally Garaged:
Elgin, IL

**Covered Auto Description**

| Year: 2022 | Model: F450 | Trade Name: FORD |
|---|---|---|
| Body Type: PICKUP | | Serial Number(s): |

Vehicle Identification Number (VIN): 1FT8W4DT0NED38876

Original Cost New:

**Classification**

| Radius Of Operation | Business Use s=service r=retail c=commercial | Size GVW, GCW Or Vehicle Seating Capacity | Age Group | Secondary Rating Classification | Code |
|---|---|---|---|---|---|
| 51 to 200 | C | Medium Truck 10,001 to 20,000 lbs GVWR | 2 | Tow-truck for hire | 23203 |

Except For Towing, All Physical Damage Loss Is Payable To You And The Loss Payee Named Below According To Their Interests In The Auto At the Time Of The Loss:

**Coverages - Premiums, Limits And Deductibles**
(Absence of a deductible or limit entry in any column below means that the limit or deductible entry in the corresponding Item Two column applies instead.)

| Coverages | Limit | Premium |
|---|---|---|
| Covered Autos Liability | $1,000,000 | $5,421 |

. . . .

(*See* Exhibit 1).

    37.    The Policy's Business Auto Coverage Form states, in pertinent part:

**SECTION I – COVERED AUTOS**

Page **8** of **20**

Item Two of the Declarations shows the "autos" that are covered "autos" for each of your coverages. The following numerical symbols describe the "autos" that may be covered "autos." The symbols entered next to a coverage on the Declarations designate the only "autos" that are covered "autos."

. . . .

| 7 | Specifically Described "Autos" | Only those "autos" described in Item Three of the Declarations for which a premium charge is shown (and for Covered Autos Liability Coverage any "trailers" you don't own while attached to any power unit described in Item Three). |
|---|---|---|
| 8 | Hired "Autos" Only | Only those "autos" you lease, hire, rent or borrow. This does not include any "auto" you lease, hire, rent or borrow from any of your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households. |
| 9 | Non-owned "Autos" Only | Only those "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business. This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company) or members of their households but only while used in your business or your personal affairs. |

38. (*See* Exhibit 1). The insuring agreement for the Policy's Covered Autos Liability Coverage provides, in pertinent part, as follows:

**SECTION II – COVERED AUTOS LIABILITY COVERAGE**

**A.   Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto."

. . . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense." However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. Our duty to defend or settle ends when the Covered Autos Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements.

**1.   Who Is An Insured**

The following are "insureds":

a.   You for any covered "auto."

      b.      Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

           (1)      The owner or anyone else from whom you hire or borrow a covered "auto."

                  This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

           (2)      Your "employee" if the covered "auto" is owned by that "employee" or a member of his or her household.

           (3)      Someone using a covered "auto" while he or she is working in a business of selling, servicing, repairing, parking or storing "autos" unless that business is yours.

           (4)      Anyone other than your "employees," partners (if you are a partnership), members (if you are a limited liability company) or a lessee or borrower or any of their "employees," while moving property to or from a covered "auto."

           (5)      A partner (if you are a partnership) or a member (if you are a limited liability company) for a covered "auto" owned by him or her or a member of his or her household.

(*See* Exhibit 1).

      39.      The Policy's Covered Autos Liability Coverage is subject to a "Duties In The Event of Accident, Claim, Suit or Loss" condition, which provides, in pertinent part, as follows:

**SECTION IV – BUSINESS AUTO CONDITIONS**

**A.      Loss Conditions**

. . . .

**2.      Duties In The Event Of Accident, Claim, Suit Or Loss**

We have no duty to provide coverage under this Policy unless there has been full compliance with the following duties:

      a.      In the event of "accident," claim, "suit" or "loss," you must give us or our authorized representative prompt notice of the "accident" or "loss." Include:

        (1)    How, when and where the "accident" or "loss" occurred:

        (2)    The "insured's" name and address; and

        (3)    To the extent possible, the names and addresses of any injured persons and witnesses.

    b.    Additionally, you and any other involved "insured" must:

        (1)    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

        (2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit."

        (3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit."

        (4)    Authorize us to obtain medical records or other pertinent information.

. . . .

(*See* Exhibit 1).

    40.    The Policy contains the following exclusion:

**B.**    **Exclusions**

This insurance does not apply to any of the following:

    **1.**    **Expected or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured."

(*See* Exhibit 1).

    41.    The Policy contains the following condition:

**B.**    **General Conditions**

. . . .

    **2.**    **Concealment, Misrepresentation Or Fraud**

> This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured," at any time, intentionally conceals or misrepresents a material fact concerning:
>
> a. This Coverage Form;
>
> b. The covered "auto";
>
> c. Your interest in the covered "auto"; or
>
> d. A claim under this Coverage Form.

(*See* Exhibit 1).

42. The Policy contains the following provision regarding unreported drivers:

**NOTICE**

**UNREPORTED DRIVERS – NEW DRIVERS**

ALL NEW OPERATORS AND DRIVERS HIRED OR DESIGNATED DURING THE TERM OF THIS POLICY MUST BE IMMEDIATELY REPORTED TO THE COMPANY. YOUR SCHEDULE OF DRIVERS IS MATERIAL TO THE RISK WE INSURE. YOUR FAILURE TO REPORT A NEW OPERAOR OR DRIVER IS A MATERIAL MISREPRESENTATION OF THE RISK WE INSURE AND INCREASES THE HAZARD INSURED AGAINST. FAILURE TO REPORT A NEW OPERATOR OR DRIVER MAY RESULT IN CANCELLATION OF YOUR POLICY.

NEW AUTHORIZED OPERATORS AND DRIVERS SHOULD BE REPORTED TO YOUR AGENT.

(*See* Exhibit 1).

**C.    THE LAWSUITS**

43. The Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim all arise from the Accident and seek damages from Carexpresso and Michel relating to the Accident. These lawsuits remain pending.

44. The 2016 Freightliner Cascadia owned and operated by Defendant Olner was not a scheduled vehicle under the Policy and was not on the Vehicle Schedule included with the Application.

45. Olner is not a named insured under the Policy, was not included on the Driver List submitted with the Policy Application and was not reported to or approved by AmGUARD as an insured driver under the Policy.

### COUNT I (AGAINST CAREXPRESSO, LLC)
### RESCISSION OF THE POLICY

46. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 45.

47. Carexpresso made material misrepresentations as alleged above and particularly that its operations were solely limited to local towing and made omissions concerning its long-distance transportation and shipping operations to induce AmGUARD to issue the Policy.

48. Carexpresso made material misrepresentations and/or omissions regarding the vehicles to be insured under the Policy and failed to identify or disclose the Accident Vehicle as a scheduled vehicle under the Policy.

49. Carexpresso made material misrepresentations and/or omissions regarding the identity of individual(s) operating covered autos, including but not limited to the failure to report Olner as a driver on the Policy Application or at any point thereafter, despite the clear language set forth in the Policy Application and the Policy itself requiring that Olner be reported to and approved by AmGUARD.

50. Carexpresso's misrepresentations and/or omissions materially affected the risk assumed by AmGUARD in underwriting and issuing the Policy to Carexpresso.

51. Had AmGUARD known the true facts regarding the nature of Carexpresso's long-distance transportation and shipping operations, AmGUARD would not have issued the Policy as written for the premium amount charged and paid.

52. Carexpresso's insurance coverage, and any insurance coverage purportedly extended through Carexpresso to Olner, is therefore void *ab initio* based on the material misrepresentations and/or omissions associated with Carexpresso applying for coverage.

53. AmGUARD is excused from performing any obligations under the Policy, which is void *ab initio*, based on the material misrepresentations and/or omissions made by Carexpresso in applying for coverage.

54. Upon an order rescinding the Policy, AmGUARD will return all premiums paid for the Policy.

WHEREFORE, AmGUARD respectfully requests that the Court enter a judgment rescinding Policy No. K2GP423206 with an effective date of January 25, 2023, to January 25, 2024, declaring that the same is void *ab initio*, releasing AmGUARD from any liability on claims brought under or with regard to the same, and any and all other relief this Court deems just and equitable, including, but not limited to, an award of attorney's fees and costs.

### COUNT II (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY BASED ON RESCISSION OF THE POLICY

55. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 54.

56. Because of Carexpresso's material misrepresentations and/or omissions in applying for and maintaining the Policy issued by AmGUARD, the Policy is void *ab initio* and must be rescinded.

WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that AmGUARD owes no duty to defend or indemnify Carexpresso, Michel, or any other part from or against the claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B.

Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

### COUNT III (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY OLNER MICHEL BECAUSE HE IS NOT AN INSURED UNDER THE POLICY

57. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 56.

58. Olner was the owner of the 2016 Freightliner Cascadia involved in the Accident.

59. The Policy provides that an insured is "[a]nyone else while using with your permission a covered 'auto' you own, hire or borrow except . . . [t]he owner or anyone else from whom you hire or borrow a covered 'auto'" or "your 'employee' if the covered 'auto' is owned by that 'employee' or a member of his or her household".

60. To the extent Michel was acting at the time of the Accident as an employee or agent of Carexpresso, he is not an insured because, even assuming the Accident Vehicle was a covered auto under the Policy and the Policy is not rescinded, the owner of a non-owned or hired/borrowed auto is expressly excluded as an insured under the Policy.

WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that Michel is not an insured under the Policy for the reasons set forth in this Count, and that AmGUARD is therefore not obligated to defend or indemnify Michel from or against the claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

## COUNT IV (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY CAREXPRESSO, LLC, AND OLNER MICHEL AS TO THE J.B. HUNT CROSSCLAIM BASED ON EXPECTED OR INTENDED INJURY EXCLUSION

61. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 60.

62. The J.B. Hunt Crossclaim alleges that Olner was not authorized to use, possess, or control the J.B. Hunt trailer and was instructed by Carexpresso or non-party Total Quality Logistics, LLC, to take possession of the J.B. Hunt trailer.

63. J.B. Hunt alleges that this unauthorized control, possession, and use of the J.B. Hunt trailer continued up to and including the time of the Accident on April 19, 2023.

64. J.B. Hunt alleges that Michel and Carexpresso committed intentional acts of theft and/or conversion of J.B. Hunt's property and, as a result, J.B. Hunt suffered property damage, loss of use, storage fees, recovery charges, and other monetary damages.

65. The Policy excludes coverage for bodily injury or property damage "expected or intended from the standpoint of the 'insured.'"

66. The J.B. Hunt Crossclaim alleges intentional criminal or tortious acts of theft and/or conversion by Michel and Carexpresso and that those acts directly preceded and precipitated the Accident. Based on these allegations of intentional conduct, the J.B. Hunt Crossclaim seeks to recover for property damage expected or intended from the standpoint of Michel and Carexpresso. Such property damage is not covered under the Policy.

WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that coverage for the claims asserted in the J.B. Hunt Crossclaim are not covered by the Policy pursuant to the Expected or Intended Injury Exclusion and, therefore, AmGUARD

is not obligated to defend or indemnify Carexpresso and Michel from or against the claims asserted in the J.B. Hunt Crossclaim.

### COUNT V (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY CAREXPRESSO, LLC, AND OLNER MICHEL BECAUSE THE ACCIDENT VEHICLE IS NOT A COVERED "AUTO" UNDER THE POLICY

67. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 66.

68. The sole scheduled vehicle under the Policy is a 2022 Ford F-450.

69. The Accident Vehicle was not a scheduled vehicle under the Policy.

70. The Accident vehicle was not a specifically described auto under the Policy.

71. The Accident Vehicle was not a hired auto leased, hired, rented, or borrowed by Carexpresso, the sole named insured.

72. The Accident Vehicle was not used in connection with Carexpresso's business, which was represented in the Application and is reflected in the declarations as "towing," and therefore is not covered as a non-owned auto, since such vehicles are only covered under the Policy if used in connection with the named insured's business.

73. The Policy extends coverage for bodily injury or property damage caused by an accident "resulting from the ownership, maintenance or use of a covered 'auto.'" Because the Accident vehicle is not a covered auto, the Policy does not cover the claims asserted in the pending lawsuits.

WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that the Accident Vehicle is not a covered auto under the Policy and, therefore, AmGUARD is not obligated to defend or indemnify Carexpresso and Michel from or against the

claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

### COUNT VI (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY CAREXPRESSO, LLC, AND OLNER MICHEL BECAUSE MICHEL WAS NOT A SCHEDULED OR APPROVED DRIVER UNDER THE POLICY

74. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 73.

75. The Policy Application listed only one driver. Carexpresso omitted Michel from the Driver List submitted with the Application and signed by a Carexpresso representative despite attesting that it had identified "every possible driver of an insured vehicle including those who may fill in during peak periods and emergencies" and acknowledging "that on any proposed addition or substitution of driver, the MVR must be submitted to the insurance company for approval prior to hire."

76. The Policy states, as a condition, that "[a]ll new operators and drivers hired or designated during the term of this Policy must be immediately reported to the Company." Despite this clear requirement, Carexpresso never reported or disclosed Michel as a driver and AmGUARD never agreed to insure him. This forecloses coverage.

WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that because Carexpresso failed to disclose or report Michel to AmGUARD as a driver and to obtain AmGUARD's approval for him to operate covered autos, as required by the Policy, AmGUARD is not obligated to defend or indemnify Carexpresso and Michel from or against the claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

### COUNT VII (AGAINST CAREXPRESSO, LLC, AND OLNER MICHEL) DECLARATORY JUDGMENT – NO DUTY TO DEFEND OR INDEMNIFY CAREXPRESSO, LLC, AND OLNER MICHEL BECAUSE BOTH HAVE FAILED TO COOPERATE WITH AMGUARD'S INVESTIGATION OF THIS CLAIM

77. AmGUARD incorporates by reference, as if fully restated herein, the allegations set forth in Paragraphs 1 through 76.

78. Since first receiving notice of the Accident and resulting claims, AmGUARD has undertaken numerous efforts to investigate the claims made and has solicited the cooperation of both Carexpresso and Olner in connection with this effort.

79. As a condition precedent to coverage, the Policy requires any insured to, among other things, cooperate "in the investigation or settlement of the claim or defense against the 'suit.'"

80. Carexpresso and Olner have failed to cooperate in AmGUARD's investigation of the Accident and the resulting claims, thereby failing to fulfill a condition precedent to coverage.

81. Carexpresso and Michel's failure to cooperate is continuing and has prejudiced AmGUARD's ability to both defend against the claims and fully investigate its coverage defenses. WHEREFORE, AmGUARD respectfully requests that the Court enter a declaratory judgment holding that because Carexpresso and Michel have failed to cooperate in AmGUARD's investigation of this claim, as required by the Policy, AmGUARD is not obligated to defend or indemnify Carexpresso and Michel from or against the claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff AmGUARD Insurance Company prays this Court to enter the following relief:

1.      An order of rescission holding the Policy to be void *ab initio* based on Defendant Carexpresso, LLC's material misrepresentations and/or omissions in applying for and obtaining the subject Policy;

2.      A judgment declaring that AmGUARD owes no duty to defend or indemnify Carexpresso and Michel from or against the claims asserted in the Carter Lawsuit, Roehl Lawsuit, and J.B. Hunt Crossclaim, or any other claims that may be asserted arising from or in relation to the Accident.

3.      Any other legal or equitable relief to which AmGUARD may be entitled; and

4.      Its costs expended herein and a reasonable attorney's fee.

**DATED: July 30, 2024.**

Respectfully submitted,

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Edward M. O'Brien*

Michael J. Duffy
55 West Monroe Street, Suite 3800
Chicago, IL, 60603
312.821.6123
312.704.1522 (fax)
michael.duffy@wilsonelser.com

Edward M. O'Brien
100 Mallard Creek Road, Suite 250
Louisville, KY 40207
502.238.8500
502.238.7844 (fax)
edward.obrien@wilsonelser.com
*Counsel for Plaintiff*